FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2000 JAN -3 PM 12: 16

| | |
|---|---|
| OCALA WOMEN'S CENTER, INC., et al., ) | Case No.: 98-371-CIV-OC-10C |
| Plaintiffs, ) | |
| vs. ) | |
| CITY OF OCALA, et al., ) | |
| Defendants. ) | |

# DEFENDANT MEREDITH RANEY'S MOTION SEEKING RECONSIDERATION OF THE ORDER THAT PLAINTIFFS' CLAIMS AGAINST DEFENDANT RANEY BE DISMISSED WITHOUT PREJUDICE, OR, IN THE ALTERNATIVE, RECONSIDERATION OF THE ORDER THAT THE WITHOUT PREJUDICE DISMISSAL BE WITHOUT PAYMENT OF LITIGATION COSTS AND ATTORNEYS' FEES

COMES NOW Defendant Meredith Raney, by and through his undersigned counsel, and respectfully requests this Honorable Court to reconsider its prior order denying Defendants' Motion To Dismiss With Prejudice And Assess Attorneys' Fees And Costs, and as grounds therefore, would show as follows:

The harassment which has taken place in this case is only one of three scenarios propounded by Plaintiffs' counsel against Defendant Raney. The pattern of abuse inflicted against Defendant Raney can be seen in *Manhattan Magnolia v. Unterberger*, Case No.: 99-8164-CIV-WPB-Hurley and in *Aware Woman Center for Choice, Inc. v. Raney*, Case No.: 99-5-CIV-ORL-18C. In each of these cases, Plaintiffs' counsel has created a series of tactics, including motions to stay in *Manhattan* and *Ocala*, causing great prejudice and costs to Defendant Raney. In fact, the pattern has continued

Defendant Raney's Motion Seeking Reconsideration - Page 1

A:\DefendantMeredithRaney'sMotionSeekingReconsiderationOfTheOrderThatPlaintiffsClaimsAgainstDefendantRaneyBeDismissedWithoutPrej
udiceOrInTheAlternativeReconsiderationOfTheOrderThatTheWithoutPrejudiceDismissalBeWithoutPaymentOfCostsAndAttorneys'Fees.wpd

in this case in that the allegations against Defendant Raney are baseless. Defendant Raney has never been to the Ocala clinic and has no plans to go to the Ocala clinic. Yet, Defendant Raney has been forced to defend himself against these false accusations and frivolous claims.

On December 16, 1999, this Court dismissed, without prejudice, all of Plaintiffs' claims against Defendants, including Defendant Meredith T. Raney. Plaintiffs sought preliminary injunctive relief and damages, and ostensibly petitioned the court for immediate action since the December10, 1998 case filing. Plaintiffs, however, as this Court noted, have failed to take any action since the filing of their amended complaint, with the exception of the motions to stay. *See* December 16 Order. This Court's dismissal was not accompanied by an order that Plaintiffs remunerate Defendant Raney in any fashion for the vigorous defense which he mounted in this baseless litigation. The Order in no fashion credits Defendant Raney, or any Defendants, for any of the delay leading to the "lack of prosecution" dismissal. *See* December 16 Order.

This Court erred in dismissing Plaintiffs' litigation without prejudice and without an order to pay Defendant Raney's costs and fees. This Court should have instead dismissed Plaintiffs' claims against Meredith Raney with prejudice, as an adjudication on the merits, or without prejudice, but with an order that Plaintiffs remunerate Meredith Raney for the costs, expenses, and fees incurred as a result of having to defend himself in the face of Plaintiffs' bad faith allegations.

This Court ordered dismissal in accordance with Federal Rule 41(b), which calls for an involuntary dismissal for want of prosecution. According to Wright &Miller, Federal Practice and Procedure, Civil 2d, Rule 41(b) "allows dismissal for plaintiff's failure to prosecute, [and] is intended as a safeguard against delay in litigation and harassment of a defendant." *Id.*, §§ 2370.

Defendant Raney's Motion Seeking Reconsideration - Page 2

This Court, by ordering that the claims advanced against Raney be dismissed without prejudice, and by not ordering Plaintiff's to pay any costs or fees to Raney, has afforded Defendant Raney absolutely no protection from the continued harassment. Standard federal court practice advises against such an end, instead positing that the dismissal should have either been with prejudice, according to the dictates of Rule 41(b)'s default, or, if without prejudice, with costs and fees accessed against the dilatory Plaintiffs:

> An award of attorneys' fees is appropriate when an action is dismissed without prejudice, and subject to relitigation, in order to "reimburse defendant for expenses incurred in preparing work product that cannot be used in defending the resurrected cause of action." *Belkow v. Celotex Corp.*, 722 F.Supp. 1547, 1553 (N.D.Ill.1989)(citing *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985)). *See, e.g., GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C.Cir.1981) (defendant entitled to reimbursement where plaintiff is granted voluntary dismissal without prejudice in one forum so can pursue an action against the defendant in another forum).

*Read Corp. v. Bibco Equip. Co.*, 145 F.R.D. 288, 290 (D.N.H.1993).

Furthermore, District Courts have an inherent power to impose sanctions such as costs and attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). An award of attorneys' fees and costs is appropriate where necessary to protect a defendant. *See Puerto Rico Maritime Shipping Auth. V. Leith*, 668 F.2d 46, 51 (1st Cir. 1981). Additionally, under 42 U.S.C. section 1988, in any action or proceeding to enforce a provision of section 1983, the court, in its discretion, may allow the prevailing party a reasonable attorneys' fee as part of the costs.

Here, Defendant Raney has been subjected to the bad faith and oppression of Plaintiffs in the filing of this action in that Defendant Raney has never been to the Ocala clinic. Attorneys' fees and

Defendant Raney's Motion Seeking Reconsideration - Page 3

A:\DefendantMeredithRaney'sMotionSeekingReconsiderationOfTheOrderThatPlaintiffsClaimsAgainstDefendantRaneyBeDismissedWithoutPrejudiceOrInTheAlternativeReconsiderationOfTheOrderThatTheWithoutPrejudiceDismissalBeWithoutPaymentOfCostsAndAttorneys'Fees.wpd

costs should be awarded to Defendant Raney to protect him from frivolous claims. Additionally, this being a case brought under 42 U.S.C. section 1983, Defendant Raney as a prevailing party is entitled to attorneys' fees and costs.

In another frivolous case against Defendant Raney, Judge G. Kendall Sharp issued an Order against Aware Woman Center for Choice, represented by the same counsel in this case, for essentially identical behavior that has been evident in this case, namely, for failure to prosecute. *See* Sharp Order, a true and correct copy of which is attached and marked as Exhibit A.

WHEREFORE, Defendant Raney respectfully requests this Court to remedy this departure from standard federal court litigation practice by either:

1. Modifying its December 16, 1999 order to include that Plaintiffs pay Defendant Meredith Raney's reasonable litigation costs and attorneys' fees; or

2. Modifying its December 16, 1999 order to operate as a dismissal with prejudice under Fed.R.Civ.P. 41(b) as to Defendant Meredith Raney.

Defendant Raney's Motion Seeking Reconsideration - Page 4

A:\DefendantMeredithRaney'sMotionSeekingReconsiderationOfTheOrderThatPlaintiffsClaimsAgainstDefendantRaneyBeDismissedWithoutPrej
udiceOrInTheAlternativeReconsiderationOfTheOrderThatTheWithoutPrejudiceDismissalBeWithoutPaymentOfCostsAndAttorneys'Fees.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on all parties required to be served on this 29th day of December, 1999, by First Class U.S. Mail addressed to:

ROY LUCAS
Post Office Box 1433
Melbourne, FL 32902-1433

SCOTT ROST
228 Park Avenue North
Winter Park, FL 32789

PATRICK G. GILLIGAN
7 East Silver Springs Blvd.
Suite 500
Ocala, FL 34470

VIRGIL W. WRIGHT, III
Post Office Box 5549
Ocala, FL 34478-5549

MATHEW D. STAVER
Post Office Box 540774
Orlando, FL 32854

JOHN W. JOLLY, JR.
Post Office Box 669
Tallahassee, FL 32302

CAROL A. FALVEY
Post Office Box 2720
Ocala, FL 34478-2720

_____
Frederick H. Nelson
Trial Attorney
Florida Bar No. 0990523
American Liberties Institute
P.O. Box 547503
Orlando, FL 32854-7503
(407) 786-7007 - voice
(407) 786-2705 - fax
Attorney for Defendant
Meredith Raney

Defendant Raney's Motion Seeking Reconsideration - Page 5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AWARE WOMAN CENTER FOR CHOICE,
INC., et al.,

    Plaintiffs,

v.                                                Case No. 99-5-CIV-ORL-18C

MEREDITH T. RANEY, JR., et al.,

    Defendants.
_____/

## ORDER

On September 1, 1999, this Court, invoking Local Rule 3.10, dismissed without prejudice all of the plaintiffs' claims because the plaintiffs failed to prosecute their case. Defendant Mark Hall, who mounted a vigorous defense to the plaintiffs' claims, now asks the Court to modify its September 1 order to provide (1) that the plaintiffs' claims against Mr. Hall are dismissed with prejudice, or (2) that the plaintiffs' claims against Mr. Hall are dismissed without prejudice but that Mr. Hall may recover reasonable costs and attorneys' fees. The plaintiffs failed to respond to this motion. After reviewing Mr. Hall's motion and the applicable law, the Court concludes that Mr. Hall should be allowed to recover reasonable litigation costs and attorneys' fees.

Although Local Rule 3.10, which authorizes dismissal of an action for failure to prosecute, does not provide for the recovery of costs and attorneys' fees, districts courts have the inherent power to impose sanctions such as costs and attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991). In considering whether to grant an award of costs and attorneys' fees, a Court should consider the interests of both the plaintiff and the defendant. *See Read Corp. v. Bibco Equip. Co.,* F.R.D. 288, 290 (D.N.H. 1993). An award of costs and attorneys' fees is appropriate where

**EXHIBIT A**

necessary to protect a defendant. *See Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981).

Here, the Court declines to dismiss the plaintiffs' action with prejudice because dismissal with prejudice is a harsh remedy that should only be granted where there exists substantial prejudice. *See Read Corp.*, 145 F.R.D. at 290. At the same time, the Court finds that the plaintiffs' failure to prosecute this case, as outlined in this Court's September 1, 1999 order, imposed a significant cost upon Mr. Hall and constitutes vexatious conduct sufficient to warrant an award of costs and attorneys' fees for Mr. Hall.

Accordingly, the Court **GRANTS** Mr. Hall's motion (doc. 62) for reconsideration of this Court's September 1, 1999 order. Furthermore, the Court **AMENDS** its September 1, 1999 order (doc. 61) to include that the plaintiffs pay to Mr. Hall reasonable costs and attorneys' fees. Mr. Hall may file a motion to assess costs and attorneys' fees, which the Court will refer to a magistrate, to determine the precise amount of costs and attorneys' fees owed by the plaintiffs to Mr. Hall.

It is **SO ORDERED** in Orlando, Florida this 21 day of October, 1999.

G. KENDALL SHARP
United States District Judge

Copies to all counsel of record

2